Peelle, Ch. J.,
delivered the opinion of the court:
The claimant’s contention is that section 460 of the act of March 3, 1899 (30 Stat. L., 1253), entitled “An act to define and punish crimes in the district of Alaska and to provide a code of criminal procedure for said district,” is a revenue measure or law, and, in support of its contention, cites the case of Binns v. United States (194 U. S., 486, 491), where the court, respecting the purpose of said section; as amended by the act June 6, 1900 (31 Stat L., 321, .331), among other things, said:
“ We shall assume that the purpose of the license fees required by section 460 is the collection of revenue, and that the license fees are excises within the constitutional sense of the terms. Nevertheless we are of opinion that they are to be regarded as local taxes imposed for the purpose of raising funds to support the administration of local government in Alaska.”
It was there also held that the license tax provided by that section was not in conflict with section 8, Article I, of the Constitution providing that “ all duties, imposts, and excises shall be uniform throughout the United States.” • Being a revenue law, the claimant contends that as the bill therefor did not originate in the House of Representatives, section 7, Article I, of the Constitution was thereby violated, and that therefore the law is void.
The claimant’s further contention is that if the law is valid it was never intended to apply to vessels registered and licensed in the United States, but only to vessels owned and plying in Alaskan waters.
The defendants contend that the license fee was voluntarily paid and can not, therefore, be recovered back.
*233 Respecting the constitutionality of the act, we deem it only necessary to say that while the question as to the origin of the bill (of which the court takes judicial no'tice from the public records of Congress) does not appear to have been raised in the case of Binns v. United States (supra), yet the court there held that the purpose of the license fees authorized by section 460 was the collection of revenue, and that said section was not in conflict with the uniformity ptrovisions of section 8, Article I, of the Constitution. That being-true, the court must infer that the constitutionality of the act was before the Supreme Court, and that, therefore, the question is not an open one, even though the particular ground now assigned does not appear to have been raised in that case.
However, whether Congress can require ocean and coast-wise vessels, registered and licensed in their home ports in the United States, to pay in addition thereto a license tax to the authorities of the territorial government of Alaska for the privilege of doing local business in Alaskan waters, or in the waters of other territories of the United States not contiguous thereto, is a question of legislative power, which, independent of the decision referred to, we should hesitate to deny or disregard unless there was no other way open to the court.
The claimant’s contention that the law was only intended to apply to vessels plying exclusively in Alaskan waters and not to vessels registered and taxed elsewhere can not be sustained, as the law expressly provides that a license fee shall be paid by “ coastwise vessels doing local business for hire plying .in Alaskan waters.” That such was the purpose of the act seems clear, from the act of June 6, 1900 (supra), amending said section 460 in this respect, as follows:
“ Ships and shipping: Ocean and coastwise vessels doing local business for hire plying in Alaskan waters, registered in Alaska or not paying license or tax elsewhere, one dollar per ton per annum on net tonnage, custom-house measurement, of each vessel.”
Had the words “ registered in Alaska or not paying license or tax elsewhere ” been in the original act, the claimant’s contention would, perhaps, be well taken; but the license fee in the present case Avas for business done prior to the passage of *234 the amended act, and we must therefore hold that it was rightfully exacted.
The conclusion we have reached renders it unnecesary to consider whether the payment so made by the claimant under the facts-of this case was or was not a voluntary payment.The petition is dismissed.